FILED
SUPERIOR COURT
OF GUAM

2021 MAR 23 PM 2: 04

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CANDILYN MESHAE TERLAJE, | CIVIL CASE NO. CV0070-20 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| ANGELICA DOREEN PADUA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 22, 2020, upon the Defendant's Motion for Relief from Judgment filed June 17, 2020. Plaintiff Candilyn Meshae Terlaje ("Plaintiff") is represented by Attorney Daniel Somerfleck from the Guam Legal Services Corporation Disability Law Center. Defendant Angelica Doreen Padua ("Defendant") is represented by Attorney David J. Highsmith from the Public Defender Service Corporation.

Having reviewed the pleadings and considered the arguments and relevant legal authorities in this matter, the Court issues the following Decision and Order and **GRANTS** the Defendant's Motion for Relief from Judgment.

## BACKGROUND

On January 27, 2020, the Plaintiff filed a Complaint for Temporary and Permanent Injunction seeking that the Defendant be enjoined and restrained from threatening, abusing, annoying, harassing or disturbing the peace and physical well-being of the Plaintiff and her

minor children; enjoined and restrained from coming within five hundred feet (500 ft.) of Plaintiff, Plaintiff's minor children, Plaintiff's residence, Plaintiff's place of employment, and the minor children's daycare/school; and enjoined and restrained from contacting Plaintiff and her minor children directly or indirectly.

On January 28, 2020, the Court issued a Preliminary Restraining Order and Order to Show Cause Re: Temporary Restraining Order, which preliminarily enjoined and restrained the Defendant from threatening, abusing, annoying, harassing or disturbing the peace and physical well-being of the Plaintiff only, and not her minor children.

On February 5, 2020, the Court issued a Continued Temporary Restraining Order based on representations that the Defendant would file an Answer following the Evidentiary Hearing set for March 4, 2020.

On February 13, 2020, Defendant filed an Answer and Counterclaim seeking that the parties be mutually restrained from annoying, harassing, disturbing the peace of, injuring and contacting each other and their minor children; that the parties be mutually restrained from coming within 500 ft. of each other and their minor children; seeking costs of suit and also seeking other relief that the Court might deem appropriate.

On February 20, 2020, the Plaintiff filed a Reply to Counterclaim also requesting that the parties be mutually restrained from coming within 500 ft. of each other and their minor children. The counsel for both parties then engaged in negotiations and agreed to the Stipulated Permanent Restraining Order.

The Stipulated Permanent Restraining Order (Stipulated Order") was filed on March 4, 2020, wherein the parties agreed to be permanently enjoined and restrained from threatening, abusing, annoying, harassing or disturbing the peace and physical well-being of the other and the other's minor children; to be permanently enjoined and restrained from coming within 500 ft. of each other, each other's minor children, each other's residence, place of employment, and the daycare/school of the minor children; and to be permanently enjoined and restrained from contacting each other and each other's minor children, directly or indirectly.

Three months later, on June 17, 2020, the Defendant filed a Motion for Relief from Judgment pursuant to Guam Rule of Civil Procedure 60(b). The Plaintiff filed its Opposition to the Motion for Relief from Judgment on August 6, 2020; and the Defendant filed a Reply to the Opposition to the Motion for Relief from Judgment on August 19, 2020.

The Court conducted a hearing on the Motion for Relief from Judgment and took the matter under advisement on December 22, 2020.

## DISCUSSION

Pursuant to Guam Rules of Civil Procedure 60(b), "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason justifying relief from the operation of the judgment." *See* G.R.C.P. § 60(b). "Rule 60 is remedial in nature and is to be liberally construed." *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 18 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Guam's rule was modeled after Federal Rule of Civil Procedure ("FRCP") 60(b). *Brown* at ¶ 14. Thus, federal cases interpreting the rule constitute highly persuasive authority in Guam. *People v. Quitugua*, 2009 Guam 10, ¶ 10.

Rule 60(b)(1) deals with mistake, inadvertence, surprise, or excusable neglect. With regard to Rule 60(b)(1), "'trial judges are vested with discretion when determining whether an attorney's neglect . . . is "excusable" for purposes of Rule 60(b)(1).'" *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997). "A 'plaintiff's entire lack of diligence and attention to the matter' does not constitute excusable neglect." *Duenas v. Brady*, 2008 Guam 27 ¶ 20 (citing *Martella v. Marine Cooks Stewards Union*, 448 F.2d 729, 729 (9th Cir.1971)). However, while inattentiveness to litigation is not excusable, attorney carelessness *can* constitute 'excusable neglect' under Rule 60(b)(1). *Duenas* at ¶ 21 (citing *Harrington*, 433 F.3d at 546). A trial judge is afforded much discretion in evaluating an attorney's neglect relative to Rule 60(b)(1). *Duenas* at ¶ 22 (citing *Harrington*, 433 F.3d at 546).

Alternatively, Rule 60(b)(6) provides relief from judgment for "any other reason justifying relief from the operation of the judgment." *See* G.R.C.P. § 60(b)(6). "The power vested in the courts under rule 60(b)(6) is sufficient to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Brown* at ¶ 18; *Klapprott v. United States*, 335 U.S. 601, 615 (1949). "[R]elief under subsection (6) applies only in exceptional or extraordinary circumstances . . . ." *Mariano v. Surla*, 2010 Guam 2 at ¶ 34. An attorney's gross negligence constitutes an extraordinary circumstance which can justify overturning a judgment pursuant to FRCP 60(b)(6). *Lal v. California*, 610 F.3d 518, 521 (9th Cir.2010). Gross negligence has been defined by the Ninth Circuit as "neglect so gross that it is inexcusable." *Id.* at 524. For example, failing to represent a client at all constitutes gross negligence. *Id.* However, a party that is completely at fault may not seek relief under subsection (6). *Mariano* at ¶ 34. Alternatively, if a party is only partially at fault, relief must be sought within one year and the party's neglect must be excusable." *Id.*; *Brown* at ¶ 32.

Here, the Defendant argues that mistake, inadvertence, surprise, excusable neglect, or other reasons exist which would justify granting relief from judgment. In particular, Defendant asserts that relief is warranted because (1) communication problems existed between the Defendant and her attorneys and (2) because of the onerous nature of the order, which compels the Defendant to vacate her usual residence when her boyfriend has visitation with his two children, which are also children by the Plaintiff. In terms of communications issues, the Defendant asserts that at the hearing on March 4, 2020, Defendant's counsel Attorney Highsmith had a schedule conflict and the Defendant was instead assisted by Assistant Public Defender Jocelyn Roden. At the hearing, Defendant asserts that Attorney Roden put the proposed order in front of the Defendant who signed it without reading it. Defendant asserts that she did not fully understand the agreement's provisions and is now forced to vacate her usual residence when her boyfriend has visitation with his children by the Plaintiff. Due to these reasons, the Defendant is seeking relief from judgment pursuant to G.R.C.P. 60(b)(1) and G.R.C.P. 60(b)(6).

The Plaintiff on the other hand argues that the Defendant's assertion that she did not understand the written agreement or its consequences is directly contradicted by her verified counterclaim which seeks the same terms contained in the written agreement. The Plaintiff asserts that although the Defendant is complaining about the content of the Stipulated Order, the order mirrors the Defendant's own requests and grants what the Defendant sought in her counterclaim. Additionally, the Plaintiff contends that there is an absence of gross negligence, which is required to vacate a judgment under Rule 60(b)(6).

While gross negligence may not be present in this matter, the Court finds excusable neglect with regard to the communications between the Defendant and her attorneys. While the Defendant may have been assisted by Assistant Public Defender Roden on the day she signed the agreement rather than Attorney Highsmith, the fact that the order was put in front of her for signature without further explanation supports a finding of excusable neglect on the part of the attorneys. Defendant's assertion that she did not understand the impact of the relief she was seeking in her counterclaim and the terms she agreed to in the Stipulated Order further support a finding of excusable neglect on the part of the attorneys, who should have thoroughly explained the impact of the agreement and counterclaim. A thorough explanation would have revealed to the Defendant that she would be required to vacate her residence during her boyfriend's visitation with his children. Although Defendant was assisted by an alternate Assistant Public Defender on the day of the hearing, it was still incumbent on the attorney to fully discuss the impacts of the Stipulated Order with the Defendant prior to signing to ensure her understanding of the order and its terms. While Defendant failed to read and fully understand the agreement before signing it, such neglect on her part is excusable due to her reasonable reliance on the advice of her attorney. Excusable neglect can also be seen in the body of the Stipulated Order, which fails to specifically state the reasons for its issuance as required by Guam Rule of Civil Procedure 65(d). Because excusable neglect can be inferred from the circumstances, relief from judgment is appropriate pursuant to Rule 60(b)(1). Therefore, the Court **GRANTS** the Defendant's Motion for Relief from Judgment.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion for Relief from Judgment.

**IT IS SO ORDERED** ___MAR 2 3 2021___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

POSC

Date: _____ Time: 3/23/21

Deputy Clerk, Superior Court of Guam